SLOO ET AL. *vs.* TARBE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The Supreme Court is made the judge of facts as well as law, and has to decide on the weight of testimony. Great respect is due to the verdict of a jury on facts, and it will not usually be disturbed. But when this court differs in opinion with the judge *a quo*, as to the weight of testimony in a case, his judgment will be reversed.

This is an action or an alleged verbal lease, to recover from the defendant the sum of eight hundred and fifty dollars, as the price of the rent of a store and warehouse, for about eleven months.

The defendant pleaded a general denial.

The plaintiffs' clerk, Layet, sworn, says he had several conversations with the defendant after the store was leased, and he was of *opinion* from these, the defendant had rented it.

Another clerk of plaintiffs, (Grivot) says he had several conversations with defendant about the store, and understood he had rented from the plaintiffs. On one occasion defend-

ant told witness, if plaintiffs did not make certain repairs or improvements, he would quit the store and not pay the rent. The defendant occupied the store.

*Cross-examined.* Witness knew a Mr. Bowis, brother-in-law of defendant, who occupied the store with him, whom he considered a clerk to the latter. Sometime after this, Bowis left defendant and opened a liquor store for himself, in another place. Defendant continued to occupy the store of plaintiffs for some time after Bowis left him.

Another witness called on defendant for the keys of the store, after he ceased to occupy it, and received them at his house, from one of his servants.

Defendant's counsel read the testimony of *Bowis.* He states he occupied the store in question from December, 1833, to March, 1834; that he *rented* it himself from the plaintiffs at eight hundred and fifty dollars per annum. The house and pavement was not finished, and he left it; and refused to pay rent on account of its unfinished state. He further says, the defendant Tarbe was present when he rented it from the plaintiffs, but was not interested, and had only accompanied him as an interpreter and friend.

Another witness deposed that Bowis occupied the store in question; and his brother-in-law, the defendant, lived in the same store. Their business was separate. Tarbe refused to be security for Bowis.

Bell, a witness for defendant, says the house of Bell & Buchanan had goods on storage with Bowis, in 1834; and that the defendant, Tarbe, was a clerk in their house, and attended to the sales, storage and delivery of their goods. Does not know if he done any business on his own account, and thinks he could not have done much.

The defendant produced in evidence, two several accounts, made out by the plaintiffs for rent of the premises, in dispute at the time of this lease, which were both made out against Mr. Bowis, but not receipted.

*Grivot* again called, and examined to rebut the evidence of Bowis, states, that Bowis told him he left Tarbe in the hope of making more by himself. He never told witness he

had rented the store of plaintiffs. Witness states it is customary, or not unusual for owners of houses to make out their bills against persons substituted by the lessee. That defendant in this case is a responsible man, and Bowis is not.

Moses Dillon, witness for plaintiffs, says, the defendant told him that he had rented the store of plaintiffs ; the one, the rent of which, is now in controversy.

The district judge who tried the cause, was of opinion the plaintiffs had made out their case, and were entitled to recover against the defendant. Judgment was rendered accordingly, from which the defendant appealed.

*Worthington*, for the plaintiffs.

*J. Slidell*, contra.

*Mathews, J.*, delivered the opinion of the court.

This action is founded on an alleged contract of lease, by which the plaintiffs state that they let to the defendant a certain house or store, for one year, at a specified sum for its use. They obtained judgment in the court below, from which the defendant appealed.

The Supreme Court is made the judge of facts as well as law, and has to decide on the weight of testimony. Great respect is due to the verdict of a jury on facts, and it will not usually be disturbed : but when this court differs in opinion with the judge *a quo* as to the weight of testimony in a case, his judgment will be reversed.

The decision of the case depends on matters of fact. The evidence is somewhat contradictory, and we, according to the manner in which this court is constituted, are bound to weigh the testimony in a cause, as well as the inferior courts. Great respect is due to the verdicts of juries as to facts, and their decisions in relation thereto are not usually disturbed, when the truth, as derived from witnesses, is doubtful, the facts being nearly balanced by the testimony.

The present case was submitted to the decision of the judge *a quo*, and however reluctantly, we are constrained to differ with him in opinion, as to the weight of testimony adduced in the cause. The evidence of the contract of lease relied on by the plaintiffs, consists entirely of proof of extra judicial confessions of the defendant, and they are not made very explicit by the witnesses. Opposed to this weak testimony, we have proof positive from a person who declares

unequivocally, that he leased the premises about which the <span style="float:right">Eastern Dist.</span> present dispute arises, in his own name and for his individual use. It is true, we have it in evidence, that the defendant stored goods in the house, while occupied by the lessee, and that he held over for some months after the latter left the premises. In corroboration of his testimony, two accounts for rent, made out by the plaintiffs against him as lessee, are produced. From these facts, we conclude that no contract was ever made between them and the defendant, and consequently they have failed to support the allegations of their petition by proof. The defendant may, however, be liable to them on a *quantum valebat,* for the time which he continued to occupy the house after the lessee had abandoned it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, avoided and annulled; and it is further ordered, that this suit be dismissed at the costs of the plaintiffs, in both courts.